**SIGNED THIS: February 27, 2008**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSHUA A. SHARPE, | ) | No. 07-82868 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

The Debtor, Joshua A. Sharpe (DEBTOR), filed this Chapter 13 petition on December 20, 2007. It was his third Chapter 13 filing in an 18-month period. His first case, filed July 12, 2006, was dismissed on November 29, 2006, after DHCU Community Credit Union (DHCU) obtained relief from the automatic stay to foreclose its first and second mortgages on the DEBTOR'S residential real estate. The Chapter 13 Plan proposed to cure mortgage arrearages to DHCU in the amount of $1,414, to redeem the 2004 real estate taxes in the amount of $2,797.80 that were sold to a tax buyer, and to pay the 2005 real estate taxes in the amount of $1,890.30 through the Plan. The case was dismissed before the Plan was confirmed. A total of $200 was paid to DCHU by the Trustee.

After obtaining stay relief in the first case, DHCU proceeded with foreclosure of its mortgages and a foreclosure sale was scheduled for August 10, 2007. The sale was stayed when the DEBTOR filed his second case on August 9, 2007. By the time of this second filing, the arrearages on DHCU's mortgages had grown to $10,983. The Plan proposed to pay the arrearages in full through the Plan, but failed to address the real estate taxes that were delinquent for 2004, 2005 and 2006 in the amount of $7,478. DHCU again moved for relief from stay to foreclose its mortgages.

The First Meeting of Creditors, scheduled for September 13, 2007, did not take place and was continued to October 11, 2007. It did not take place on that date either as the DEBTOR failed to appear, and was continued by the Trustee to November 15, 2007. On October 26, 2007, an Order was entered granting DHCU's motion and modifying the automatic stay as to the real estate. The DEBTOR then failed to appear, again, at the continued First Meeting of Creditors on November 15th, 2007, and the second case was dismissed for that reason on November 16, 2007. DHCU was paid nothing by the Trustee during the second case.

DHCU rescheduled a foreclosure sale for December 21, 2007. That sale was stayed when the DEBTOR filed this case, his third, on December 20, 2007. By that time, the mortgage arrearages had risen to $15,949. The new Plan proposes to pay the arrearages in full through the Plan but once again fails to address the real estate tax delinquency.[1]

---

[1] On February 25, 2008, just as the Court was preparing to issue its decision, the DEBTOR filed an amended plan which proposes payment of the delinquent real estate taxes, estimated in the amount of $7,478. The filing of that plan does not change this Court's ruling.

Pursuant to Section 362(c)(3), because of the pendency of the DEBTOR'S second case within one year of the third case, the automatic stay terminates on the 30th day after the third filing. To prevent that, the DEBTOR filed a Motion to Extend the Automatic Stay (the Motion), alleging that the second case was dismissed because he was unable to attend the 341 meetings "due to work conflict" and that he was "unable to make mortgage payments and Chapter 13 payments because he had someone staying with him that stole money." DHCU opposes the Motion and also moved to modify the stay to continue the foreclosure action. An evidentiary hearing was held on February 14, 2008, at which the DEBTOR testified. The DEBTOR appeared at the Meeting of Creditors on February 21, 2008.

Under Section 362(c)(3)(C)(ii), a rebuttable presumption exists that the DEBTOR did not file the third case in good faith as to DHCU. The presumption arises because DHCU had moved for and obtained stay relief in the second case prior to its dismissal. To rebut the presumption and obtain an extension of the automatic stay, the DEBTOR must prove by clear and convincing evidence that the third case was filed in "good faith" as to DHCU. Clear and convincing evidence has been described as evidence which proves in the mind of the trier of fact an abiding conviction that the truth of the factual contentions is highly probable. *Intel Corp. v. U.S. Intern. Trade Com'n,* 946 F.2d 821, 830 (Fed. Cir. 1991). Good faith under Section 362(c)(3)(B) is determined by a consideration of the totality of the circumstances. *In re Ortiz,* 355 B.R. 587, 593-94 (Bankr.S.D.Tex. 2006). The most significant considerations in evaluating good faith are: (1) why the previous plan failed, and (2) what has changed so that the present plan is likely to succeed. *In re Scarborough,* 2007 WL 3165544 (Bankr.E.D.Pa. 2007).

Julie Cavlovic, a collections officer employed by DHCU, testified that in 2006, the DEBTOR paid 6 of 12 payments on the first mortgage and 7 of 12 payments on the second mortgage. In 2007, he paid only 1 payment on each of the first and second mortgages. The DEBTOR paid the two postpetition payments that came due in 2008.

The DEBTOR testified that he failed to attend the First Meeting of Creditors in the second case, once because he forgot about it and the second time because he was working. The Court is skeptical about the veracity of this testimony. The DEBTOR is not a bankruptcy novice. After missing the initial Meeting of Creditors in his first case, he attended the continued Meeting of Creditors on September 14, 2006. As an experienced bankruptcy debtor, he understood the necessity of appearing at the Meeting of Creditors. The Court has difficulty accepting his stated excuses for not appearing on two different occasions during his second case, resulting in dismissal of the case.

The DEBTOR offered as an excuse for his failure to make his mortgage payments to DHCU that a friend was living with him to whom he gave the money to make the payments but the friend stole the money and did not make the payments. No other details were provided to corroborate this statement. The DEBTOR'S testimony is not credible. Only a single month's payment was made in 2007. The DEBTOR would have the Court believe that 11 payments were given to the friend in 2007, but were stolen. Such a level of gullibility by the DEBTOR is too much to accept. Moreover, the DEBTOR never explained why it was necessary or desirable for this "friend" to make his mortgage payments for him. The Court discredits the DEBTOR'S story.

The DEBTOR says that the mysterious "friend" is now gone and that his mother is now helping him with his finances. All well and good, but too little, too late. Effectively, the DEBTOR has used the bankruptcy system to avoid paying his mortgages, to stay two foreclosure sales with day-before filings, to avoid paying his real estate taxes, and to forestall DHCU from the legitimate exercise of its rights.

The Court has no difficulty in finding that the DEBTOR has failed to prove by clear and convincing evidence that this case, his third, was filed in good faith with respect to DHCU. The Motion to extend the stay will be denied. The automatic stay as to DHCU is no longer in effect, having terminated thirty days after filing.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###